1  THOMAS W. COOK [California Bar No.127,626]
   3030 Bridgeway, Suite 425
2  Sausalito, California 94965
   Telephone: (415) 339-8550
3

4  Attorney for Plaintiff
   M. Barbera & Figli, S.P.A.
5

6

7                        UNITED STATES DISTRICT COURT

8                       NORTHERN DISTRICT OF CALIFORNIA

9                         SAN FRANCISCO/OAKLAND DIVISION

10

11 M. Barbera & Figli, S. p. A.,              )    Civil Action Number:
                                              )
12         Plaintiff,                         )
                                              )    3:10-cv-01508-JSW
13     vs.                                    )
                                              )    STIPULATION and INJUNCTION
14                                            )        AS MODIFIED BY THE COURT
   VIGO IMPORTING COMPANY,                    )    [Rule 65 (d), FRCP]
15 and DOES 1-20,                             )
                                              )
16         Defendants.                        )
                                              )
17 _____)

18

19     Plaintiff M. Barbera & Figli, S.p.A., ("Barbera") and defendant Vigo Importing Company

20 ("Vigo") stipulate as follows:

21     After May 1, 2010, Vigo has not and shall not manufacture, produce, sell or distribute any

22 product that bears a label that copies or is substantially similar to the Barbera Marks, or either of

23 them, by using any label on its products that includes or depicts ANY of the following features or

24 components:

25     i.   A circular stone wheel, rolling in a circular, stone-sided, track;

26     ii.  A track for the wheel, as described, which forms a trough within which olives
            reside;
27
       iii. A stone wheel, as described, which is "powered" by two or three costumed
28          individuals who are walking outside the track;

     iv.    Costumed individuals, as described, who are pushing a post that causes the circular stone wheel to roll.

Vigo shall advise Barbera of codes which Vigo uses when packing its olive oil products, so that Barbera may determine when such products were packed and, for a period of four years from the date of this ORDER, advise Barbera in the event such codes change.

This injunction shall have perpetual duration unless and until Barbera abandons the Olive Oil Mill Design registered with the U.S. Patent & Trademark Office under Registration Nos. 3,386,033 and 2,740,513, and every other design mark for olive oil which consists of or includes any of the enumerated graphic elements identified above, at which time this injunction shall terminate without further action by the Court or either party hereto. For purposes of this Agreement, and notwithstanding any provisions to the contrary, abandonment shall be defined by §§ 45 of the Trademark Act of 1946, as Amended (15 U.S.C. §§ 1127).

In the event Barbera finds it necessary to return to this Court to enforce the terms of this ORDER, the "prevailing party" in such proceedings shall be entitled to recover its attorneys' fees and costs incurred in prosecuting or defending such proceedings. In the event that such proceedings are brought, if the Court finds that Vigo manufactured, produced sold or distributed any product that bears a label that copies or is substantially similar to the Barbera Marks, or either of them, as defined above, then Barbera shall be the prevailing party. If the Court finds that Vigo complied with the obligations set forth above, then Vigo shall be the prevailing party. Such attorney's fees shall not be the exclusive remedy of the parties.

Date: December 27, 2010

_____
Thomas W. Cook
Attorney for Plaintiff,
Plaintiff M. Barbera & Figli, S.p.A.

HOLLAND & KNIGHT, LLP

Date: December 28, 2010      By: _____
Matthew P. Vafidis
Attorney for Defendant,
Vigo Importing Company

## INJUNCTION

The stipulation of the parties in the case of M. Barbera & Figli, S. p. A. vs. Vigo Importing Company, and DOES 1-20 set forth above is accepted. An Injunction consistent with this stipulation shall be in effect immediately. This Injunction may be modified by an order of the Court, either on motion or by stipulation, however enforcement of this Injunction shall not require the posting of any bond. The facts of this stipulation, and the defendant's agreement to it, shall not be construed as any admission of liability or wrongdoing. This Court shall retain jurisdiction to enforce the terms of this Injunction until January 5, 2015.

PURSUANT TO STIPULATION OF ALL PARTIES, IT IS SO ORDERED.

Date: January 5, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE